Russell S. Thompson, IV (029098)
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com
jpanvini@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Dees, *on behalf of himself and all others similarly situated* <br><br> Plaintiff, <br><br> vs. <br><br> I.Q. Data International, Inc., <br><br> Defendant. | Case No. <br><br> **CLASS COMPLAINT AND TRIAL BY JURY DEMAND** |

**NATURE OF ACTION**

1.    Plaintiff David Dees ("Plaintiff") brings this putative class action against Defendant I.Q. Data International, Inc.("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, individually and on behalf of all others similarly situated.

**JURISDICTION, VENUE, AND STANDING**

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

1

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4.      "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See Id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

**PARTIES**

7. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Phoenix.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. Defendant, I.Q. Data International, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

11. Plaintiff is a natural person allegedly obligated to pay a debt owed or due a creditor other than Defendant.

12. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a residential lease agreement (the "Debt").

13. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

14. In connection with the collection of the Debt, Defendant mailed Plaintiff a letter dated December 12, 2016.

15. A true and correct copy of Defendant's December 12, 2016 letter is attached to this complaint as Exhibit A.

16. Defendant's December 12, 2016 letter was its initial communication with Plaintiff with respect to the Debt.

17. Among the requirements in an initial communication, a debt collector must meaningfully convey "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

18. Defendant's December 12, 2016 letter gave the following information regarding the Debt: "Original Creditor: GRANITE BAY APTS (AZ)." Exhibit A.

19. It further provided that "[y]our past due account has been referred to our office for collection," and informed Plaintiff to contact or make payments to Defendant. *Id.*

20. Defendant's December 12, 2016 letter does not clearly identify the name of the creditor to whom the Debt is owed.

21. Defendant's December 12, 2016 letter states the "Original Creditor" to be "Granite Bay Apts (AZ)," but it does not state who the "current creditor" is, or otherwise indicate to whom the debt is currently owed.

22. Plaintiff, or the least sophisticated consumer, may reasonably believe that Defendant is the current creditor given that the letter states that the Debt has been

"referred to our office for collection," and informs Plaintiff to contact or make payments to Defendant.

23. Or, Plaintiff, or the least sophisticated consumer, may just as reasonably think that Defendant's December 12, 2016 letter simply does not mention who the current creditor is.

24. Because Defendant's December 12, 2016 letter leaves Plaintiff, or the least sophisticated consumer, to guess as to the identity of the creditor to whom the debt is currently owed, it fails to meaningfully convey the name of the creditor.

## CLASS ACTION ALLEGATIONS

25. Plaintiff repeats and re-alleges all factual allegations above.

26. Defendant's December 12, 2016 letter is based on a form or template used by Defendant to send collection letters (the "Template").

27. The Template fails to meaningfully convey the name of the current creditor to whom the alleged debt is owed, in the same manner as Defendant did with Plaintiff above.

28. Defendant has used the Template to send collection letters to over 40 individuals in the State of Arizona within the year prior to the filing of the original complaint in this matter.

29. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons with an Arizona address, to whom Defendant sent a letter based upon the Template, within one year before the date of this complaint, in connection with the collection of a consumer debt.

5

30. The proposed class specifically excludes the United States of America, the State of Arizona, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

31. The class is averred to be so numerous that joinder of members is impracticable.

32. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

33. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

34. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

35. Plaintiff's claims are typical of those of the class he seeks to represent.

36. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted

individually, the claims of the members of the class would require proof of the same material and substantive facts.

37. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

38. Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

39. Plaintiff is willing and prepared to serve this Court and the proposed class.

40. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

41. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

42. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

43. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual

members of the class, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

45. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

46. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692g(a)(2)**

47. Plaintiff repeats and re-alleges each factual allegation contained above.

8

48. Defendant's letter does not identify of the current creditor that holds Plaintiff's alleged debt.

49. Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey the name of the creditor to whom the alleged debt is owed to Plaintiff in its initial communication or in writing within five days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

50. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 4, 2017

Respectfully submitted,

s/ Russell S. Thompson IV
Russell S. Thompson IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com

s/ Joseph Panvini
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff